IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| XZAVIOUS MONTREZ BROWN,<br>Movant, | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | CRIMINAL ACTION NO.<br>1:95-cr-297-WMR-CCB-1 |
| UNITED STATES OF AMERICA,<br>Respondent. | CIVIL ACTION NO.<br>1:26-cv-538-WMR-CCB |

## **FINAL REPORT AND RECOMMENDATION**

Movant Xzavious Montrez Brown has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [Doc. 134]. Although it is not entirely clear from the motion, Movant appears to raise one claim regarding the evidence introduced in his case and two claims of ineffective assistance of counsel. [*Id.*]. However, this Court is without jurisdiction to consider the motion.

On March 9, 1995, a jury convicted Movant of several violations of law related to armed bank robberies he committed; Movant was sentenced to 47 years of imprisonment. [Doc. 128 at 2]. While awaiting trial on those charges, Movant and another inmate attempted to escape their pretrial detention facility. [*Id.*]. On November 1, 1995, Movant was convicted of one count of attempted escape, three counts of assaulting a correctional officer, and three counts of kidnapping a correctional officer. [Doc. 29; Doc. 67 at 1]. Movant's conviction was affirmed by

the Eleventh Circuit on October 31, 1996. [Doc. 35]. On March 8, 2012, Movant filed a motion for leave to file a § 2255 motion. [Doc. 38]. The Court denied Movant's motion on April 3, 2012. [Doc. 39]. On September 1, 2016, Movant filed a § 2255 motion [Doc. 63], which the Court denied as untimely. [Doc. 69]. On February 8, 2021, the Eleventh Circuit denied Movant's application for leave to file a second or successive § 2255 motion. [Doc. 96]. Movant filed the instant § 2255 motion on January 27, 2026. [Doc. 134].

In his motion, Movant argues that "[t]he Irrelevant Evidence Introduced . . . so infected the trial with Unfairness, as to render the Resulting Conviction, or Sentence, or Both, A Denial of the Fifth Amendment Due Process Clause[.]" [*Id.* at 3]. Movant also claims that he received ineffective assistance of counsel "because Counsel was deficient to the extent that he did not understand the federal laws, as necessary to make a determination of the Precise Nature of the Government Function, involved as well as the Precise Nature of the Private Interest that has been affected by governmental action." [*Id.* at 7].

This matter is before the Court for initial screening of the § 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. 28 U.S.C. foll. § 2255, Rule 4(b). Under Rule 4, the Court "must dismiss" a § 2255 motion "[i]f it plainly appears from the motion, any attached

2

exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" *Id.* A federal prisoner who wishes to file a second or successive § 2255 motion is required to file a motion with the Court of Appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. § 2255(h) (cross-referencing 28 U.S.C. § 2244). Absent such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

Movant filed his initial § 2255 motion on September 1, 2016, which the Court denied as untimely. [Doc. 69]. On February 8, 2021, the Eleventh Circuit denied Movant's motion for leave to file a second or successive § 2255 motion. [Doc. 96]. After that denial, Movant does not appear to have sought, or been granted, leave to file a successive § 2255 motion. Because Movant has not obtained authorization from the Court of Appeals to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider his present filing. Federal law does not provide any exception to the requirement that a movant receive authorization from the Court of Appeals prior to consideration of a successive § 2255 motion. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

Accordingly, I **RECOMMEND** that Movant's motion to vacate [Doc. 134]

be **DENIED** for lack of subject matter jurisdiction and that civil action number 1:26-

cv-538-WMR-CCB be **CLOSED**.[1]

**SO RECOMMENDED**, this 25th day of February, 2026.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

---

[1] Ordinarily, federal prisoners must obtain a certificate of appealability to appeal the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); *Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006). However, the Eleventh Circuit has held that dismissal for lack of subject matter jurisdiction of a successive petition does not constitute a "final order in a habeas corpus proceeding" for purposes of § 2253(c), and "a certificate is unnecessary to permit [appellate] review [of a] district court's order of dismissal." *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).